UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**EDWARD JONES, ET AL,**

    **Plaintiffs,**

vs                                        Case No: 12-11608

**BANK OF AMERICA, ET AL,**           Honorable Victoria A. Roberts

    **Defendants,**

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**I. INTRODUCTION**

This matter is before the Court on Defendants' Bank of America and Federal Home Loan Mortgage Corporation's ("Freddie Mac") (collectively, "Defendants") motion to dismiss (Doc. 3). The motion is fully briefed, and the legal arguments and factual allegations are sufficiently set forth in the motion papers. Oral argument is unnecessary. Accordingly, the Court decides Defendants' motion on the briefs. See L.R. 7.1(f)(2).

Defendants' motion to dismiss is **GRANTED**.

**II. BACKGROUND AND PROCEDURAL HISTORY**

The facts in this case are not in dispute. In 2007, Plaintiffs entered into a mortgage refinance transaction on their residential property (the "Property") with Countrywide Bank, N.A. ("Countrywide"). Plaintiffs granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"). The mortgage was recorded with the

1

Oakland County Register of Deeds on March 20, 2007. On September 27, 2009, the mortgage was assigned to Countrywide Home Loans Servicing LP ("Home Loans") and recorded with the Oakland County Register of Deeds. Home Loans merged with Bank of America; Bank of America became the successor in interest to the mortgage.

Plaintiffs defaulted on their mortgage payments. The foreclosure process began on March 2, 2010, when the first notice of foreclosure was published in the Oakland Press. Three additional foreclosure notices were published. Also, a notice was placed on the property itself on March 4, 2010. The parties had several meetings to negotiate the terms of the mortgage, but were unable to come to a resolution.

On September 13, 2011, 18 months after Bank of America began foreclosure proceedings, Freddie Mac bought the Property at a sheriff's sale. The purchase was recorded with the Oakland County Register of Deeds on September 27, 2011. The redemption period for Plaintiffs to recover the Property expired on March 13, 2012.

The Joneses filed this quiet title action on March 8, 2012 in state court. They asserted this claim against Bank of America and Fannie Mae, rather than Freddie Mac, which had gained title through the sheriff's sale. The Joneses filed an amended complaint on April 3, 2012 to substitute Freddie Mac for Fannie Mae. On April 9, 2012, Bank of America and Freddie Mac removed the state court action to this Court under 28 U.S.C. § 1441, based on diversity jurisdiction.

### III. ANALYSIS

#### 1. Standard of Review

The Court will grant a motion to dismiss under Rule 12(b)(6) if the complaint fails to state a claim upon which relief can be granted. *G.M. Eng'rs and Assocs, Inc. v. West*

2

*Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990). A complaint should contain a short and plain statement of facts. The complaint must contain more than an assertion of legal conclusions, but must also contain factual allegations. *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Forest v. United States Postal Serv.*, 97 F.3d 137, 139 (6th Cir. 1996). The complaint must contain more than a statement of facts that "merely create[s] a suspicion of a legally cognizable right of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

### 2. Quiet Title Claim

This action to quiet title seeks to invalidate the sheriff's sale and vest title to the Property in Plaintiffs. Defendants claim Plaintiffs lack standing to bring this action. The Court agrees.

While Plaintiffs had an interest in the Property at one time, an owner of property loses all rights, title and interest in property which has been foreclosed, once the redemption period expires. MCL § 600.3236; *See Piotrowski v. State Land Office Bd.* 302 Mich. 179, 187, 4 N.W.2d 514 (1942).

The Joneses redemption period ended on March 13, 2012. They had six months before then to make payments or negotiate an agreement with the mortgagee. They failed to do this before the six month grace period ended. Therefore, they lost their interest in and all legal rights to the Property. *In re Young,* 48 B.R. 678, 680-81 (Bankr.

3

E.D. Mich. 1985); *Spartan Distributors, Inc. v. Golf Coast Int'l, L.L.C.*, 2011 Mich. App. LEXIS 912, 7-8 (Mich. Ct. App. May 17, 2011) (to reserve a statutory right to redemption, payment of redemption amount must be tendered before statutory redemption period ends; otherwise, the right to redemption ends, and absolute title vests in the purchaser at the foreclosure sale).

Defendant Bank of America argues that the filing of this Complaint does not toll the redemption period. Bank of America primarily relies upon *Overton v. Mortg. Elec. Registration Sys.*, 2009 Mich. App. LEXIS 1209 (Mich. Ct. App. May 28, 2009). In *Overton*, Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale directly, even though he filed suit before the redemption period expired. The Court held that was insufficient to toll the redemption period. *Id.* "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." *Id. See also United States v. Gamo*, 974 F.Supp. 628, 633 (E.D. Mich. 1997). The Court in *Overton* found that the plaintiff was simply trying to wage a collateral attack on the foreclosure of the property and that there was no fraud or irregularity. *Overton*, at *1.

The Joneses say that filing this lawsuit should toll their redemption period and that they may wait until after foreclosure by advertisement to test the validity of the sale. They cite *Mfrs. Hanover Mortg. Corp. v. Snell*, 142 Mich. App. 548, 553-554, 370 N.W.2d 401 (1985) in support of their proposition, which relied on *Reid v. Rylander,* 270 Mich. 263, 258 N.W. 630 (1935). *Reid* held that the borrower is limited to challenging

4

only foreclosure sale procedures, and cannot challenge the validity or enforceability of the underlying instruments.

The Joneses claim does not relate to foreclosure procedures; they look to gain title based on their premise that Bank of America does not have an interest in the property and, therefore, may not sell it. They, therefore challenge the validity of enforceability of the underlying instruments and not the foreclosure sale procedures. Under *Reid*, the Joneses fail to state a claim.

Finally, the only way the Joneses claim can survive is upon a clear showing of fraud or irregularity. *Overton*, at *1*. Overton says that if neither is shown, the plaintiff does not have standing. *Id.*

The Joneses readily admit they are not asserting fraud. They are left then to show irregularity within the sale. They have not done so. The underlying overall basis for their claim is securitization of the mortgage; they assert that the securitization severed the Defendants' interests in the property because it separated the mortgage from the Promissory Note attached to it, and therefore, Bank of America had no right to sell the Property. Plaintiffs' argument fails because securitization is a common practice within the mortgage industry, not an irregularity.

### b. Quiet Title Claim Fails on its Merits

Even if Plaintiffs had standing, they still lose on the merits of their claim. First, they claim that the securitization of their mortgage dissolved Defendant Bank of America's interest in the property. Second, the Joneses allege that the mortgage was not properly recorded. Plaintiffs lose on both accounts.

### i. Securitization Does Not Sever Interest in Property

The Court discusses above, why Plaintiffs believe Bank of America had no interest in the Property and, therefore, could not sell it, thereby voiding the foreclosue sale.

Federal courts in Michigan have found that securitization of a mortgage does not sever interest in the property. *See Knox v. Trott & Trott, P.C.*, 2011 U.S. Dist. LEXIS 43311, 10-11 (E.D. Mich. App. Apr. 21, 2011) (noting that "plaintiff has no state or federal authority construing Michigan law to support his position that the split in the mortgage and not render the underlying debt a nullity"); *Yuille v. Ame Home Mortg. Serv. Inc.*, 2010 U.S. Dist. LEXIS 142888 (E.D. Mich. Sept. 22, 2010) (rejecting the plaintiff's "fundamental theory of recovery . . . that nominee mortgages such as those granted to MERS as nominee for mortgage lenders constitutes impermissible separation of the security interest from the underlying debt"); *Corgan v. Deutsche Bank Nat'l Trust Co.*, 2010 U.S. Dist. LEXIS 73069 (W.D. Mich. July 20, 2010) (rejecting the argument that "change in the ownership of the mortgage eviscerated the authority granted to MERS").

Various other courts reach the same conclusion. *See, e.g., Horvath v. Bank of New York, N.A.*, 641 F.3d 617 (4th Cir. 2011) (rejecting the argument that securitization of note made mortgage unenforceable); *Ganderath v. M&T Mortg.*, 2011 U.S. Dist. LEXIS 81753, 6-7 (D. Utah July 26, 2011).

Accordingly, this Court holds that securitization does not impermissibly split the promissory note and mortgage, nor does it invalidate the note or mortgage. Furthermore, the Joneses granted MERS the right to assign the mortgage. (Exhibit A, Transfer of Rights in Property (pp. 2-3), § 20.)

The Joneses second argument is that this mortgage was not properly recorded.

The principle case governing the issue is *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*, 717 F. Supp. 2d 724, 399 F. App'x 97 (E.D. Mich. 2010). In *Livonia*, the court held that generally, a "litigant who is not a party to an assignment lacks standing to challenge that assignment" *Id.* However, there is an exception to this rule: "A party subject to foreclosure has standing to challenge whether a lender holds record chain of title, limited to an examination of the public records." *Livonia Prop. Holdings, L.L.C.*, 399 F. App'x at 103. Plaintiffs attempt to challenge the existence of public records to the Property by asserting they were not properly recorded.

Because the Joneses explicitly refer to the records of the title, or lack of them in their Complaint, Defendants submitted an authentic copy of records to the Court. Typically, the Court will only consider the facts alleged in the pleadings. However, the Court may consider documents that are not formally incorporated by reference or attached to a complaint when the documents are "referred to in the complaint and central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). "The defendant may [then] submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." *Id.*

Bank of America submitted the Mortgage, first assigned to BAC Home Loans Servicing, LP (BACHLS). The mortgage was recorded with the Oakland County Register of Deeds. (Exhibit C to Defendants' motion to dismiss.) BACHLS subsequently

7

merged with Bank of America; therefore, Bank of America absorbed BACHLS' interest in vested mortgages and the Property. (Exhibit D to Defendants' motion to dismiss.)

On September 13, 2011, Freddie Mac purchased the Property at a Sheriff's Sale. (Exhibit E to Defendants' motion to dismiss.) The Deed was recorded with the Oakland County Register of Deeds on September 27, 2011. *Id.*

A review of these documents leads the Court to conclude they were properly recorded with the Oakland County Register of Deeds; they have official date stamps of approval.

The Joneses have not stated a claim for which relief can be granted.

### IV. CONCLUSION

The Complaint is dismissed in its entirety with prejudice; Defendants' motion to dismiss is **GRANTED**.

**IT IS ORDERED.**

    /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated**:** 11/6/12

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 6, 2012.
S/Linda Vertriest
Deputy Clerk